IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HOUSTON R. LANGHAM, IV,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 23-cv-00282 |
| **KASTONNIO M. DEXTER;** | * | |
| **AL-AMIN BROTHERS** | * | |
| **TRANSPORTATION, LLC** | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

To: Anthony Shunnarah
Alexander Shunnarah Injury Lawyers
P.O. Box 190
Daphne, Alabama 36526

Circuit Clerk of Mobile County, Alabama
205 Government St.
Mobile, Alabama 36602

**Formerly Mobile County Circuit Court Case No. CV-2022-901326.**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Kastonnio M. Dexter and Al-Amin Brothers Transportation, LLC[1], give notice of the removal of this case from the Circuit Court of Mobile County, Alabama, to this Honorable Court, and as grounds therefore, states the following:

---

[1] Fictitious defendants need not join in or consent to removal. *See GMFS, L.L.C. v. Bounds,* 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003).

1.This lawsuit was originally filed on July 30, 2022, in the Circuit Court of Mobile County, Alabama, and assigned case number CV-2022-901326.00. The Plaintiff named Kastonnio M. Dexter and Al-Amin Brothers Transportation, LLC as defendants in this case. *See Complaint.*

2.Defendant Al-Amin Brothers Transportation, LLC was served with the summons and the Complaint on August 4, 2022. Defendant Kastonnio M. Dexter was served with the summons and the Complaint on August 5, 2022. Defendants filed a timely answer on September 6, 2022. The documents attached hereto as **Exhibit 1** constitute a copy of the process, pleadings, and orders filed in this action.

3.On July 21, 2023, Plaintiff's counsel communicated a settlement offer to Defendants that for the first time established that the amount in controversy in the present case exceeds $75,000. This offer constitutes an "other paper" that Defendants received, which serves as the basis for removing this case to this Court at this time. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212, n.62 (11th Cir. 2007).

4.This Notice of Removal is therefore being timely filed because it is being filed "within 30 days after receipt . . . of a[n] . . . other paper from which" Defendants first ascertained that this case "is or has become removable." 28 U.S.C. § 1446(b)(3); *Fed. R. Civ. P*. 6(a). It is not untimely because it was filed within one year after the commencement of the case. *See* 28 U.S.C. § 1446(c)(1).

5.Pursuant to 28 U.S.C. § 1446(d), Defendants have this day served a copy of this Notice on the Clerk of the Circuit Court of Mobile County, Alabama, by filing it with that court's electronic filing system, which will provide notice to counsel for Plaintiff.

**DIVERSITY JURISDICTION**

6.This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

7. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought between "citizens of different States." 28 U.S.C. § 1332(a)(1).

8. In this lawsuit, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(b).

9. Removal to this Court is proper under 28 U.S.C. § 1441(a) as this is the District Court of the United States for the district and division embracing Mobile County, Alabama – the place where the action is pending.

**I.   The Plaintiff is Completely Diverse from the Defendants.**

10. The Plaintiff, Houston R. Langham IV, is a resident and citizen of the State of Alabama. (Complaint, ¶ 1).

11. Defendant Kastonnio M. Dexter is a resident and citizen of the State of Georgia. (**Exhibit 2**, Declaration of Kastonnio M. Dexter).

12. Defendant Al-Amin Brothers Transportation, LLC is an LLC. Its members are Rafi Al-Amin, Tarik Al-Amin, and Adrian Al-Amin. (**Exhibit 3**, Declaration of Rafi Al-Amin). Rafi Al-Amin, Tarik Al-Amin, and Adrian Al-Amin are citizens of Illinois and are domiciled there. (*Id.*). Accordingly, Al-Amin Brothers Transportation, LLC is a citizen of Illinois for the purposes of diversity jurisdiction. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

13. Because the citizenship of Defendants, Georgia and Illinois, is completely diverse from Plaintiff's citizenship, Alabama, complete diversity of citizenship exists in this case.

## II. The Amount in Controversy Exceeds $75,000.

14. In the Complaint, Plaintiff seeks a judgment for an unspecified monetary amount of compensatory and punitive damages related to bodily injuries, pain and suffering, mental anguish and emotional distress, past and future medical expenses, and lost wages. *See Complaint*. Thus, Defendants could not ascertain from the face of the Complaint whether the case was removable at the time Plaintiff filed suit. *See Ford v. Jolly Shipping, Inc.,* CIVIL ACTION NO. 17-00309-KD-N, 2017 WL 4451148, at *5 (S.D. Ala. Sept. 19, 2017), report and recommendation adopted, No. CIVIL ACTION 17-00309-KD-N, 2017 WL 4448580 (S.D. Ala. Oct. 4, 2017); *Lowery,* 483 F. 3d 1214, n.63.

15. Defendants deny that Plaintiff is entitled to recover. However, on July 21, 2023, Plaintiff's counsel communicated a settlement demand to Defendants in excess of $75,000 and served a response to a request for admission affirming that Plaintiff is seeking more than $75,000 in damages. The demand and response to the request for admission provided an unambiguous statement that clearly establishes for the first time that the amount in controversy in the present case exceeds $75,000. *Ford*, WL 4451148, at *7.

16. Where a plaintiff seeks unspecified damages, as here, a removing defendant may establish the amount in controversy by submitting evidence in support of its assertion that the amount in controversy is met. *See Lowery*, 483 F.3d at 1208; *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case."); *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329,

1332 (M.D. Ala. 2008) ("If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'") (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See, e.g., Roe*, 613 F.3d at 1061; *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 768-74 (11th Cir. 2010).

17.   To determine the amount in controversy, the Court may rely on "its judicial experience and common sense." *Roe*, 613 F.3d at 1064. Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Rae v. Perry*, 392 F. App. 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)). The Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is apparent that the amount in controversy is satisfied and a case is removable. *See Pretka*, 608 at 754.  It need not "suspend reality or shelve common sense" in determining the amount in controversy.  *Id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009); *see also Cordell v. W.W. Williams Co.*, 16 F. Supp. 3d 1351, 1357 (N.D. Ala. 2014).

18.   Responses to a request for admission can serve as an "other paper" and can serve as evidence that the amount in controversy exceeds $75,000. *See Lowery*, 483 F.3d at 1212 n.62. Settlement offers or demands are also "admissible evidence of the amount in controversy at the time of removal." *See Bankhead*, 529 at 1333, 1335 (denying motion to remand because a $150,000 settlement demand evidenced an amount in controversy exceeding $75,000); *see also*

*Lowery*, 483 F. 3d at 1212, n.62 (including "settlement offers" and "demand letters" in list of evidence that can be considered) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F. 3d 759, 761-62 (5th Cir. 2000), and *Williams v. Safeco Ins. Co.*, 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999)).

19. On July 21, 2023, counsel for Plaintiff communicated a demand and/or settlement offer to Defendants for $142,500. The settlement demand included a detailed description of the basis for the demand by describing the alleged injuries incurred by Plaintiff and the medical treatment he has and continued to receive for his alleged injuries. (**Exhibit 4**, Demand Email[2]). The demand provided an itemization of Plaintiff's initial medical bills, which totaled $63,391.90, and noted that this total did not include all the bills for Plaintiff's medical treatments that he had received thus far. (*Id.*) It also noted that Plaintiff is continuing treatment related to his shoulder injury and that these damages will increase as Plaintiff continues to treat. (*Id.*). Therefore, Plaintiff's demand unambiguously establishes that the amount in controversy exceeds $75,000, and the amount in controversy requirement for federal diversity jurisdiction. 28 U.S.C. § 1446(b)(3); *see also Lowery*, 483 F. 3d at 1213 n.63; *Bankhead*, 529 F. Supp. 2d at 1333; *Benandi v. Mediacom Se., LLC,* Civil Action No. 11-00498-CG-N, 2011 WL 5077403, at *3-4 (S.D. Ala. Sept. 30, 2011), report and recommendation adopted, Civil Action No. 11-00498-CG-N, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011).

20. Further, immediately following the submission of this demand, Plaintiff served a response to Defendants' request for admission admitting and affirming that he sought more than $75,000 in damages from the Defendants. (**Exhibit 5**, Request for Admission Response). *See Ford,* 2017 WL 4451148, at *7 (defendants established amount in controversy by submission of

---

[2] The settlement offer is admissible and is not being used for any purpose in violation of Rule of Evidence 408.

correspondence from the plaintiff regarding $60,000 workers comp lien and the plaintiff's response to a request for admission affirming that the plaintiff was seeking more than $75,000); *Williams v. Wal-Mart Stores, Inc*., 534 F. Supp. 2d 1239, 1244-45 (M.D. Ala. 2008) (denying motion to remand based on other paper received from plaintiff).

21. Therefore, removal of this action is proper on the basis of diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1446. *Benandi*, 2011 WL 5077403, at *3-4; *Ford,* 2017 WL 4451148, at *7; *Wal-Mart Stores, Inc.*, 534 F. Supp. 2d at 1244-45.

22. Given the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, 1446, *et seq*.

                                               Respectfully submitted,

                                               */s/ Emily B. Van Haneghan*
                                               J. BURRUSS RIIS (RII002)
                                               EMILY B. VAN HANEGHAN (EBV067)
                                               *Attorneys for Defendants Kastonnio M.*
                                               *Dexter and Al-Amin Brothers*
                                               *Transportation, LLC.*

**OF COUNSEL**:

HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax: (251) 650-1631
briis@handfirm.com
evanhaneghan@handfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2023, I served the foregoing on counsel of record via electronic mail and/or United States mail, first-class postage prepaid as follows:

Anthony Shunnarah
Alexander Shunnarah Injury Lawyers
P.O. Box 190
Daphne, Alabama 36526

/s/ *Emily B. Van Haneghan*